United States District Court
Southern District of Texas

**ENTERED**

January 12, 2017

David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LEXTER KENNON KOSSIE, | § | |
| TDCJ #700661, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-16-3672 |
| | § | |
| LORIE DAVIS, Director, | § | |
| Texas Department of Criminal | § | |
| Justice - Correctional | § | |
| Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

Petitioner, Lexter Kennon Kossie (TDCJ #700661), has filed a Petition for a Writ of Habeas Corpus By a Person in State Custody ("Petition") (Docket Entry No. 1), challenging the administration of his sentence. Kossie has also filed an Application to Proceed In Forma Pauperis (Docket Entry No. 2). After considering the pleadings and the applicable law, the court will dismiss this action for the reasons explained below.

## I.  Background

Kossie is currently incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ") as the result of a 1994 aggravated robbery conviction in Harris County cause number 679887.[1] The 185th District Court for Harris County,

---

[1]Petition, Docket Entry No. 1, p. 2.

Texas, sentenced Kossie to life imprisonment in the case.[2] The conviction was affirmed on direct appeal in an unpublished opinion. See Kossie v. State, No. 14-94-01171-CR, 1997 WL 109996 (Tex. App. — Houston [14th Dist.] March 13, 1997). Since that time, Kossie has filed no fewer than 21 petitions, applications, or motions to challenge his conviction and sentence in state court.[3] Kossie has also filed multiple federal habeas corpus petitions to challenge his conviction and sentence.[4]

On December 8, 2016, Kossie executed the pending Petition, arguing that prison officials have wrongfully denied him eligibility for early release on parole based on the amount of credit for good conduct (i.e., "good-time credit") that he has earned.[5] Kossie states that he has accumulated over thirty years of good-time credit, but that prison officials are refusing to count this credit for purposes of his parole eligibility.[6] According to the statute in place at the time Kossie committed his underlying offense, a prisoner serving a sentence for one of a number of enumerated offenses, including aggravated robbery, "is

_____

[2]Id.

[3]Id. at 3-7 (listing Kossie's state court proceedings).

[4]See Kossie v. Johnson, Civil No. H-99-0270 (S.D. Tex. Feb. 14, 2001); Kossie v. Quarterman, Civil No. H-07-1415 (S.D. Tex. May 2, 2007); Kossie v. Stephens, Civil No. H-15-1738 (S.D. Tex. June 22, 2015).

[5]Petition, Docket Entry No. 1, pp. 9-11, 14.

[6]Id. at 9-10.

not eligible for release on parole until his actual calendar time served, <u>without consideration of good conduct time</u>, equals one-half of the maximum sentence or 30 calendar years, whichever is less." Tex. Code Crim. Proc. art. 42.18 § 8(b)(3) (Vernon Supp. 1993) (emphasis added).[7]   Reasoning that he entered into an implied "contract" with TDCJ to earn credit for good behavior while incarcerated, Kossie contends that the application of Tex. Code Crim. Proc. art. 42.18 § 8(b)(3) and the refusal to consider his good-time credit violates the "freedom to contract" that is reportedly protected by Article I, Section 10 of the United States Constitution.[8]

Court records confirm that Kossie has filed a previous federal habeas corpus petition challenging his eligibility for parole. See <u>Kossie v. Stephens</u>, Civil No. H-15-1738 (S.D. Tex.). In that case Kossie also challenged the application of Tex. Code Crim. Proc. art. 42.18 § 8(b)(3) and argued that the failure of prison officials to count his good-time credit towards early release on parole violated the Equal Protection Clause of the Fourteenth Amendment.[9]   The court summarily denied relief after concluding

---

[7]This statute was repealed in 1997 and re-codified at § 508.145(d) of the Texas Government Code. <u>See</u> <u>Jones v. State</u>, No. 06-00-00216-CR, 2001 WL 345834, *2 & n.1 (Tex. App. — Texarkana April 10, 2001, pet. ref'd) (citing Act of May 8, 1997, 75th Leg., ch. 165, § 12.22, 1997 Tex. Gen. Laws 443).

[8]Memorandum and Law, Docket Entry No. 3, pp. 1-6.

[9]Petition, Docket Entry No. 1, p. 6, and Memorandum and Law, Docket Entry No. 2, pp. 1-7, in Civil No. H-15-1738.

that Kossie's claims were without merit.  See id. (Docket Entry
No. 4).  Because the pending Petition also challenges the
determination of Kossie's parole eligibility under Tex. Code Crim.
Proc. art. 42.18 § 8(b)(3), the court must consider whether this
action is barred as a successive application for habeas relief or
if other reasons militate in favor of dismissal.

## II.  Discussion

This case is governed by the Anti-Terrorism and Effective
Death Penalty Act (the "AEDPA"), codified as amended at 28 U.S.C.
§ 2244(b), which imposes restrictions on the filing of "second or
successive" applications for habeas relief.  Before a second or
successive application permitted by this section may be filed in
the district court the applicant must move in the appropriate court
of appeals for an order authorizing the district court to consider
the application.  See 28 U.S.C. § 2244(b)(3)(A).  To the extent
that the pending Petition qualifies as a successive writ, the court
has no jurisdiction to consider it absent prior authorization from
the Fifth Circuit.

"The limitation on the filing of a second or successive
petition in federal court applies whether the petitioner raises
claims to invalidate his underlying conviction or, as in this case,
claims related to his eligibility for parole."  Page v. Dretke,
No. 3:05-CV-1617P, 2006 WL 740090, *2 (N.D. Tex. Feb. 10, 2006)
(citations omitted).  The Fifth Circuit has recognized that "a

-4-

prisoner's application is not second or successive simply because it follows an earlier federal petition." In re Cain, 137 F.3d 234, 235 (5th Cir. 1998). A subsequent application is "second or successive" when it (1) "raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition" or (2) "otherwise constitutes an abuse of the writ." Id.; see also United States v. Orozco-Ramirez, 211 F.3d 862, 867 (5th Cir. 2000). Kossie's claim concerning the application of Tex. Code Crim. Proc. art. 42.18 § 8(b)(3) could have been presented in his previous federal habeas corpus proceeding. The pending Petition therefore meets the second-or-successive criteria. Given the dubious nature of his contract theory, the Petition also arguably constitutes an abuse of the writ.

The issue of whether a habeas corpus petition is successive may be raised by the district court sua sponte. See Rodriguez v. Johnson, 104 F.3d 694, 697 (5th Cir. 1997). Because the pending Petition is successive, Kossie is required to seek authorization from the Fifth Circuit before this court can consider his application. See 28 U.S.C. § 2244(b)(3)(A). "Indeed, the purpose of [28 U.S.C. § 2244(b)] was to eliminate the need for the district courts to repeatedly consider challenges to the same conviction unless an appellate panel first found that those challenges had some merit." United States v. Key, 205 F.3d 773, 774 (5th Cir. 2000) (citing In re Cain, 137 F.3d 234, 235 (5th Cir. 1998)).

Kossie has not presented the requisite authorization. Absent such authorization this court lacks jurisdiction over the Petition. Id. at 775. Accordingly, to the extent that Kossie seeks relief from an adverse determination about his parole eligibility, the Petition will be dismissed as an unauthorized successive writ.

Alternatively, even assuming that Kossie's Petition was not a successive application, the court would still not allow him to proceed. Because of Kossie's history of filing repetitive habeas applications, the Fifth Circuit has imposed sanctions against him in the amount of $100.00.[10] Under the terms of that sanction order, "Kossie is BARRED from filing in [the Fifth Circuit] or any court subject to [the Fifth Circuit's] jurisdiction any pleadings that challenge his aggravated robbery conviction and sentence until the sanction is paid in full, unless [Kossie] first obtains leave of the court in which he seeks to file his pleadings."[11]

The clerk's office for the Fifth Circuit has confirmed that the sanction remains unpaid by Kossie. It is policy for the United States District Court for the Southern District of Texas to honor the sanctions assessed by the Fifth Circuit and other district courts in Texas. To the extent that Kossie seeks leave to proceed as a sanctioned litigant, the court declines to grant such

---

[10]See In re: Lexter Kennon Kossie, No. 14-20361 (5th Cir. July 23, 2014), filed as Exhibit D, Docket Entry No. 98, pp. 7-8, in Civil No. H-99-0270.

[11]Id.

leave.  Accordingly, the Petition is subject to dismissal for this additional reason.

### III.  __Certificate of Appealability__

Rule 11 of the Rules Governing Section 2254 Cases now requires a district court to issue or deny a certificate of appealability when entering a final order that is adverse to the petitioner.  A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  __Tennard v. Dretke__, 124 S. Ct. 2562, 2565 (2004) (quoting __Slack v. McDaniel__, 120 S. Ct. 1595, 1604 (2000)).  Under the controlling standard this requires a petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'"  __Miller-El v. Cockrell__, 123 S. Ct. 1029, 1039 (2003).  Where denial of relief is based on procedural grounds the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling."  __Slack__, 120 S. Ct. at 1604.

-7-

A district court may deny a certificate of appealability, sua sponte, without requiring further briefing or argument. See Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000). For reasons set forth above, this court concludes that jurists of reason would not debate whether any procedural ruling in this case was correct. Therefore, a certificate of appealability will not issue.

### IV.   Conclusion and Order

Based on the foregoing, the court **ORDERS** as follows:

1.   The Petition for a Writ of Habeas Corpus By a Person in State Custody filed by Lexter Kennon Kossie (Docket Entry No. 1) is **DISMISSED without prejudice** for lack of jurisdiction as an unauthorized successive application.

2.   Alternatively, the Petition for a Writ of Habeas Corpus By a Person in State Custody filed by Lexter Kennon Kossie (Docket Entry No. 1) is **DISMISSED without prejudice** pursuant to the sanctions that have been imposed against him previously by the Fifth Circuit.

3.   Kossie's Application to Proceed In Forma Pauperis (Docket Entry No. 2) is **DENIED**.

4.   A certificate of appealability is **DENIED**.

The Clerk shall provide a copy of this Memorandum Opinion and Order to the parties.

**SIGNED** at Houston, Texas, on this 12th day of January, 2017.

SIM LAKE
UNITED STATES DISTRICT JUDGE